

**IN THE
TENTH COURT OF APPEALS**

**No. 10-24-00201-CV**

**IN THE INTEREST OF K.B., A CHILD**

**From the 361st District Court
Brazos County, Texas
Trial Court No. 23-001559-CV-361**

## MEMORANDUM OPINION

The Texas Department of Family and Protective Services filed a petition seeking to terminate Mother and Father's parental rights to K.B. After a bench trial, the trial court found that terminating Mother and Father's parental rights to K.B. was in the child's best interest, terminated Mother's rights under Texas Family Code Sections 161.001(b)(1)(D), (E), and (Q), and terminated Father's rights under Sections 161.001(b)(1)(D) and (E). *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (b)(1)(E), (b)(1)(Q), (b)(2). Mother and Father appealed.

Counsel for Mother and counsel for Father have each filed *Anders* briefs asserting that they diligently reviewed the record and that they believe the respective appeals to be frivolous. *See generally Anders v. California*, 386 U.S. 738 (1967); *See In re A.S.*, 653 S.W.3d

298 (Tex. App.—Waco 2022, no pet.).  Mother's counsel additionally filed a motion to withdraw.  We affirm.

## The *Anders* Briefs

The briefs filed by counsel for Mother and counsel for Father meet the requirements of *Anders* by presenting professional evaluations demonstrating why there are no arguable grounds to advance on appeal.  *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  Each attorney has provided us with the appropriate facts of the case and its procedural history, and has discussed why, under controlling authority, there is no reversible error in the trial court's termination order as to their respective clients.  *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008).  Further, counsel for both Mother and Father have informed us that they have examined the record and found no arguable grounds to advance on appeal, served their client with a copy of the *Anders* brief, provided a form motion for *pro se* access to the appellate record lacking only the client's signature and the date, and informed the client of their right to file a response to the *Anders* brief.  *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re A.S.*, 653 S.W.3d at 299-300.  By letter, we informed Mother and Father of their right to review the appellate record and to file a response to the *Anders* brief filed by their appellate counsel.  Mother filed a *pro se* response.  Father did not file a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the record, counsels' briefs, and Mother's *pro se* response, and we have found nothing that would arguably support an appeal for Mother or for Father. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). We affirm the judgment of the trial court terminating Mother's and Father's parental rights to K.B.

### Motion to Withdraw of Mother's Counsel

Counsel for Mother has filed a motion to withdraw as was historically required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that "an *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature." *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Counsel does not set forth any "good cause" outside of the filing of the *Anders* brief in his motion to withdraw. Consequently, we deny the motion to withdraw. Appointed counsel remains appointed in

this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See id.* at 27-28.

## Conclusion

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court. We deny Mother's counsel's motion to withdraw.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed; motion denied
Opinion delivered and filed December 19, 2024
[CV06]

